UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MITCHELL LUDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-03422-JRS-MJD |
| | ) |
| ELI LILLY & COMPANY, | ) |
| | ) |
| Defendant. | ) |

**Order Dismissing Case**

Plaintiff Mitchell Ludy filed his Complaint (ECF No. 1) in this action on August 13, 2019. The Complaint did not adequately establish grounds for this Court to exercise jurisdiction. Plaintiff was therefore ordered to file an Amended Complaint setting forth a factual basis for jurisdiction. (Order, ECF No. 7 at 2.) Plaintiff now files a Motion for Leave to Proceed *in forma pauperis* (ECF No. 8), a Motion to Amend Jurisdiction (ECF No. 9), and an Amended Complaint (ECF No. 10). For the following reasons, the Motion for Leave to Proceed *in forma pauperis* is **denied as moot** and the Motion to Amend Jurisdiction is **denied**. This case is **dismissed without prejudice**.

Plaintiff's original complaint (ECF No. 1) failed to invoke federal question jurisdiction under 28 U.S.C. § 1331 because it did not cite a specific federal constitutional right or statute. In his Motion to Amend Jurisdiction (ECF No. 9), Plaintiff now asserts a violation of 42 U.S.C. § 1983 and the Eighth Amendment against Defendant Eli Lilly & Company. (Mt. to Am. Juris. ¶1-3, ECF No. 9.) However, § 1983 actions

1

may only be brought against those acting under the color of state law. 42 U.S.C. § 1983; *see London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010) (citing *Buchanan–Moore v. Cty of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)) ("In order to state a claim under § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.") Defendant Eli Lilly & Company is a private corporation and thus not susceptible to § 1983 actions. Similarly, constitutional violations can only be brought if the alleged conduct involved state action, which is not the case here. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 263 (1989) (noting that the Eighth Amendment applies to direct action by the government to inflict criminal punishment.) Thus, the Court does not have jurisdiction under 28 U.S.C. § 1331 to hear this case.

Although Plaintiff's Motion to Amend Jurisdiction (ECF No. 9) does not attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, his Amended Complaint (ECF No. 10) lists the citizenship of the parties, "so that this Honorable Court can determine whether it has diversity jurisdiction over this matter." (Pl.'s Am. Compl., ECF No. 10 at 5.) Plaintiff alleges he is a citizen of Indiana and that Defendant is incorporated and has its principal place of business in Indiana. (*Id.*) In order to invoke diversity jurisdiction, however, the parties must be of diverse citizenship and the claim must exceed the required jurisdictional amount, currently $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Although Plaintiff seeks $90,000 in damages, the parties are not diverse from each other, as they are both

citizens of Indiana. (Pl.'s Am. Compl., ECF No. 10 at 6.) The Court does not have jurisdiction under 28 U.S.C. § 1331 to hear this case.

For the above stated reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **denied as moot** and the Motion to Amend Jurisdiction is **denied**. This case is **dismissed without prejudice** to filing an action in the proper state court.

**SO ORDERED.**

Date:   9/26/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MITCHELL LUDY
1234896
AUTRY STATE PRISON
P.O. Box 648
Pelham, GA 31779-0648